## LEWIS VANDEGRIFT [1] v. ROBERT HAUGHEY.

Court of Common Pleas.   New Castle.   December, 1793.

*Bayard's Notebook, 38.*\*

[1] In the account of this case in *Wilson's Red Book*, the name is spelled, "Vandegright."

\* This case is also reported in *Wilson's Red Book, 17; Read's Notebook, 21.*

*Johns* and *Ridgely* for the plaintiff. *Read* and *Levy* for defendant.

Counsel for the defendant moved for a nonsuit on the ground that the action did not lie. They said this was the stage of proceedings at which their objection was to be taken, because tenancy in common with the plaintiff cannot be pleaded but must be given in evidence. Salk. 4, 3 Leon. 83, 94, 95, Gilb.Cas. 372. Tenants in common at common law had no remedy in case one took the whole profits. Co.Litt. 199b, 1 Bac.Abr. 19, 3 Bac.Abr. 219. The Statute, 4 and 5 Anne c. 16, s. 27, gives the action of account render which is the only action the plaintiff could bring. In *Headly v. Lundy* it was determined by this Court that case would not lie by one part owner of a shallop against another for having received his share of profits.

For the plaintiff, it was contended that there were cases in which personal actions would lie by one tenant in common against another. As if there be two tenants in common of a dovehouse or of a park, and one destroy it, trespass will lie. Co.Litt. 200a. So if one tenant in common corrupt a stream of water, case will lie. *Ibid.* The count relied upon is that for money had and received. And it is in nature of a bill in equity, which would certainly lie. Where a man is under a legal or equitable obligation, the law implies a promise. Cowp. 289, 290, 294. Where there is an express promise to account, assumpsit will lie as well as account, and whenever a man acts as bailiff he promises to render an account. *Wilkins v. Wilkins,* Salk. 9. The defendant was bailiff to the plaintiff and assumpsit will lie either upon the equitable obligation to pay the money received to his use or upon his promise as bailiff to account. *Headly v. Lundy* does not apply, for here the money was received from the hands of a third person.

*Levy,* in reply, alleged that the case of *Wilkins v. Wilkins* was not well reported in Salk., that the same case was reported in Carth. 89, where it is said that it was held by three judges against Holt, who doubted that the action would lie and who told the plaintiff that when it came to be tried, he should not be suffered to give the particulars of the account in evidence but should con-

340

fine himself to the damages sustained by the not accounting according to the promise.  1 Bac.Abr. 19.

BASSETT, C. J.  Every man claiming in a court of justice must pursue the form of remedy which the law has prescribed.  There is no doubt that if before the Statute of Anne one tenant in common had received all the profits, no action would lie on the behalf of another, unless he was appointed bailiff; and an actual appointment was necessary.  At present if one tenant in common receive all the profits, the Statute has given a remedy by the action of account render.  There is no evidence that the defendant was ever appointed bailiff or ever promised to pay.  In *Wilkins v. Wilkins* there was an appointment as bailiff and an express promise to pay, both of which circumstances essentially differ that case from the present.  In a case like the present, at law before the Statute, there was no remedy.  The plaintiff has not pursued the remedy given by the Statute and therefore is not aided by it.  His present action does not lie and a nonsuit must be ordered.

McDONOUGH and RODNEY, JJ., of same opinion.

Whereupon plaintiffs were called and nonsuited.